**Leon G. SMITH and Karen H. Smith, Plaintiffs-Appellees,**

v.

**D. Keith WHATCOTT, Phillip Taylor, Taywin, Inc., Taycor Ltd. and Burke Cloward, Defendants-Appellants.**

No. 84–1337.

United States Court of Appeals, Tenth Circuit.

Oct. 15, 1985.

M. Dayle Jeffs of Jeffs and Jeffs, Provo, Utah, for defendants-appellants.

Richard B. Johnson of Howard, Lewis & Petersen, Provo, Utah, for plaintiffs-appellees.

Before HOLLOWAY, Chief Judge, SETH and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

We have before us a motion by plaintiff Leon Smith to disqualify defendants' trial counsel, the firm of Jeffs and Jeffs, from serving as counsel on appeal. This is the second motion filed by Smith to disqualify defendants' appellate counsel. In *Smith v. Whatcott,* 757 F.2d 1098 (10th Cir.1985), we granted Smith's motion to disqualify the firm of Nielsen and Senior as defendants' appellate counsel. The underlying circumstances were set out in that opinion and will not be repeated here. The disqualification there was based on presumed firmwide disclosure of confidential information substantially related to the present appeal in the absence of effective screening procedures at Nielsen and Senior.

In this motion, plaintiff Smith urges us to extend the presumption of imputed knowledge that required the disqualification of Nielsen and Senior to disqualify the firm of Jeffs and Jeffs. Dayle Jeffs of the latter firm conducted the trial for defendants-appellants and was subsequently re-

placed by Nielsen and Senior for the appeal. By affidavit, he claims that even though he was listed as co-counsel on all documents filed by Nielsen and Senior, his contact with Nielsen and Senior was limited to one five-minute phone call with Clark Nielsen to review possible issues to include in the docketing statement. This claim is supported by Clark Nielsen's affidavit, and Smith has offered nothing to the contrary. Jeffs further asserts that he does not know Mark Anderson, the source of the original conflict, and has spoken with no one else at the Nielsen and Senior firm about this matter. The issue before us is whether Jeffs impliedly received confidences *from* Nielsen and Senior about plaintiff Smith, which confidences Nielson and Senior are presumed to have received from Mark Anderson.

Smith contends that the presumption requiring the disqualification of an entire law firm when one attorney in that firm has a conflict should further require the disqualification of an unrelated firm or lawyer hired as co-counsel. He relies on *Fund of Funds, Ltd. v. Arthur Andersen & Co.*, 567 F.2d 225 (2d Cir.1977), for this proposition. There, the Second Circuit disqualified a firm hired as local co-counsel because of its relationship with another firm that had earlier withdrawn from the litigation due to its own conflict of interest. The facts there are quite unusual, however, as noted by the court. In disqualifying the co-counsel, the court stressed the "close working relationship" between the two firms, *id.* at 229, the instrumental role the original firm (Morgan Lewis) played in having the second firm (Milgrim Thomajan) selected as the Fund's counsel, *id.* at 234, and the original firm's help to the second firm in advancing the lawsuit, *id.* The court viewed the Milgrim Thomajan firm as "the extension of Morgan Lewis's continuing involvement in the underlying action." *Id.* Moreover, the court stated:

> "[W]e have never believed that labels alone—partner, clerk, co-counsel—should control our decisions in so sensitive an area. Here, where [Milgrim Thomajan] worked closely with Morgan Lewis not

only in *King* (a related case) but in *SEC v. Vesco*, an appearance of impropriety arises from this close association. Further, given the extraordinary, *sui generis* facts underlying this action, the generally stated rule that a 'co-counsel' relationship will not alone warrant disqualification is of little relevance to this case. *See Consolidated Theatres, Inc. v. Warner Bros. Cir. Man. Corp., supra* [216 F.2d 920 (2nd Cir.1954)]; *Akerly v. Red Barn System, Inc.*, 551 F.2d 539 (3d Cir. 1977); *American Can Co. v. Citrus Feed Co.*, 436 F.2d 1125 (5th Cir.1971)."

*Id.* at 235 (footnotes omitted). In *Fund of Funds*, Morgan Lewis had an actual conflict. Here, Nielsen and Senior has only an imputed conflict.

■ In view of the distinctions between the instant facts and those in *Fund of Funds*, that case is inapposite. The generally stated rule that a co-counsel relationship will not alone warrant disqualification is relevant to the situation before us. In applying this rule in *Akerly v. Red Barn System, Inc.*, 551 F.2d 539 (3d Cir.1977), the court refused to disqualify a New Orleans lawyer following the disqualification of his local counsel in Pennsylvania. The local counsel's role in the case "was admittedly a peripheral one," and the co-counsel relationship "was not an active one," *id.* at 544. Moreover, the local counsel's conflict was imputed from another attorney in his firm, and "defendants had not reposed any confidences in [him]." *Id.*

In *American Can Co. v. Citrus Feed Co.*, 436 F.2d 1125 (5th Cir.1971), the Fifth Circuit also rejected a double imputation theory, because "imputation and consequent disqualification could continue *ad infinitum.*" *Id.* at 1129. The district court had imputed an associate's knowledge to American Can's local counsel and "then imputed [his] imputed knowledge to a member of the Covington firm who had consulted with [him] … to disqualify the Covington firm." *Id.* at 1126. In reversing, the court of appeals stressed that the local counsel and the Covington lawyer were not associates:

"[T]he relationship between the MacFarlane and Covington firms was not one of employer-employee. Nor were they in partnership. These firms acted as co-counsel, each responsible to and compensated by American Can, not the other. Consequently knowledge imputed to Allison should not then be re-imputed to Miller. Disqualification of Miller and the Covington firm must fail on this ground."

*Id.* at 1129. *Cf. Brennan's Inc. v. Brennan's Restaurants, Inc.,* 590 F.2d 168 (5th Cir.1979).

 In the instant case, we have already imputed Mark Anderson's knowledge to disqualify the firm of Nielsen and Senior. It is not reasonable to re-impute that knowledge to Dayle Jeffs and his firm based on his limited contact with Clark Nielsen. Although Jeffs actually conducted the trial, he was only peripherally connected with Nielsen and Senior's efforts on appeal. Clark Nielsen concededly contacted him to learn of possible issues to raise in the docketing statement. During that conversation, information flowed from Jeffs to Nielsen, not from Nielsen to Jeffs. This cannot be considered the "close working relationship" so dispositive to the Second Circuit in *Fund of Funds.*

Moreover, Jeffs is not associated with any of the attorneys infected by Mark Anderson's prior representation of plaintiff Smith. Jeffs had no access to firm files and no opportunity to hear inadvertent remarks that might disclose confidential information. Finally, defendants hired Jeffs to represent them at trial. Their decision to replace him with Nielsen and Senior resulted in the conflict that precipitated this series of disqualification motions. The courtesy of listing him as co-counsel should not now prevent him from serving as appellate counsel.

We note in closing that if Jeffs' role as co-counsel so disturbed Smith he could have raised this issue in his previous motion to disqualify Nielsen and Senior, for which he was afforded a hearing. His attempt to raise this issue now resembles

the kind of strategic litigation tactic we cautioned against in our earlier opinion. *See Smith v. Whatcott,* 757 F.2d at 1099–1100. In any event, we are persuaded that Jeffs' representation of defendants in this action does not raise sufficient doubts about the appearance of impropriety to warrant denial of their right to employ counsel of their choice. *Cf. Brennan's Inc.,* 590 F.2d at 173.

The motion to disqualify is denied.