**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 22, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA EX
REL MARK CHRISTOPHER TRACY,

    Plaintiff - Appellant,

v.

EMIGRATION IMPROVEMENT
DISTRICT, a Utah Special Service
District; BARNETT INTERMOUNTAIN
WATER CONSULTING, a Utah
corporation; R. STEVE CREAMER;
FRED A. SMOLKA; MICHAEL
HUGHES; DAVID BRADFORD; MARK
STEVENS; CAROLLO ENGINEERS, a
California professional corporation; AQUA
ENVIRONMENTAL SERVICES, a Utah
corporation; LYNN HALES; ERIC
HAWKES; AQUA ENGINEERING, a
Utah corporation; JOE SMOLKA;
RONALD R. RASH; KENNETH WILDE;
MICHAEL B. GEORGESON; KEVIN W.
BROWN; ROBERT ROUSSELLE;
LARRY HALL; DON A. BARNETT,

    Defendants - Appellees.

No. 17-4062
(D.C. No. 2:14-CV-00701-JNP-PMW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **O'BRIEN**, Circuit Judges.
_____

Mark Christopher Tracy appeals from the district court's orders disqualifying his counsel, denying his request for reconsideration of the disqualification order, and dismissing his second amended complaint for failure to obtain new counsel. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the original disqualification because of the conflict of interest between Tracy and his counsel on a matter collateral to the focus of the litigation. But we reverse the court's denial of his motion for reconsideration because the conflict had been resolved and there apparently would be no prejudice to the court or any party. As a result, the dismissal of the second amended complaint must also be reversed. We remand for further proceedings.

I.

Mr. Tracy, acting as a relator, filed a qui tam complaint against the defendants under the False Claims Act, 31 U.S.C §§ 3729 et seq. Early in the litigation he directed his attorney, Phillip Lowry, to record a lis pendens against a water share owned by defendant Emigration Improvement District (EID). EID responded with a motion seeking release of the lis pendens as well as attorney fees and statutory damages.

The district court granted EID's motion and instructed EID to file a proposed judgment. EID's proposed judgment declared both Mr. Tracy and Mr. Lowry's law firm, Christensen and Jensen, P.C. (C&J), to be jointly and severally liable.

2

Mr. Lowry filed an objection, purportedly on behalf of both Mr. Tracy and C&J, which argued only that it would be improper to make C&J liable.

Because the objection appeared to advance the interests of Mr. Lowry and C&J at the expense of Mr. Tracy, the district court became "concerned that this [objection] presents an unwaivable conflict of interest." Aplt. App. at 205. It therefore issued an order directing Mr. Lowry and C&J to show cause why they should not be disqualified from representing Mr. Tracy.

After C&J filed its response to the show-cause order, the court issued a memorandum decision and order disqualifying C&J and Mr. Lowry. The order also struck the objection, instructed Mr. Tracy to obtain new counsel to respond to the proposed judgment, and directed C&J and Mr. Lowry to obtain outside counsel or request permission to represent themselves.

Mr. Tracy, represented by new counsel, filed a response to the disqualification order and asked the court to reconsider its decision to disqualify C&J. C&J, represented by outside counsel, also filed a response in which it withdrew its objection to the proposed judgment and stated that "[i]n order to most directly address the Court's concerns, C&J intends to pay the award of damages and attorneys' fees for the wrongful lis pendens." *Id*. at 248.

The court declined to reconsider its disqualification order and directed Mr. Tracy to obtain new counsel for the entirety of the case within 21 days or risk dismissal of his complaint. A week later, it ordered entry of judgment against

3

Mr. Tracy and C&J for the attorney fees and statutory damages awarded to EID. The court also ordered release of the lis pendens.

Mr. Tracy later submitted a status report stating that he had "spoken with 23 attorneys and law firms in an effort to obtain new counsel, but all have declined for various reasons." *Id*. at 276. He also reiterated his desire to have C&J continue to represent him in the qui tam action because he "believe[d] it would be in my best interest to have them reinstated as my counsel." *Id*. at 278. He again requested that the court reconsider its disqualification order. The district court denied the renewed request for reconsideration and dismissed the action without prejudice because pro se relators may not prosecute qui tam actions.

## II.

We review for abuse of discretion the district court's disqualification order because "the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and is thus a matter of judicial discretion." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (internal quotation marks omitted); *see also Chavez v. New Mexico*, 397 F.3d 826, 839 (10th Cir. 2005) ("We review a district court's decision on a motion to disqualify counsel for abuse of discretion."). Likewise, we review for abuse of discretion the district court's decision to deny Mr. Tracy's motion to reconsider the disqualification order. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "A district court abuses its discretion if its decision is arbitrary, capricious, whimsical, or manifestly unreasonable." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).

4

Mr. Tracy argues that the district court abused its discretion when it (1) disqualified his counsel without holding an evidentiary hearing and making factual findings; (2) ordered the drastic remedy of disqualification; and (3) refused to reinstate his counsel after the purported conflict was mooted. His first issue was not preserved below. He never requested that the district court hold an evidentiary hearing nor did he argue to the district court that it was required to hold an evidentiary hearing at any point during the proceedings in the district court. We therefore decline to address it. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."). We have explained that we will consider new arguments for reversal on appeal "only if the appellant can satisfy the elements of the plain error standard of review." *Richison v. Ernest Grp., Inc*., 634 F.3d 1123, 1130 (10th Cir. 2011). And ordinarily we will not review for plain error unless the appellant argues why that standard has been satisfied, *see id*. at 1130-31, but Mr. Tracy has not so argued.

We also affirm the original disqualification order. The district court considered the nonexhaustive factors set forth in *Parkinson v. Phonex Corp*., 857 F. Supp. 1474, 1476 (D. Utah 1994):

> The egregiousness of the violation, the presence or absence of prejudice to the other side, and whether and to what extent there has been a diminution of effectiveness of counsel are important considerations. In addition, equitable considerations such as the hardship to the other side and the stage of trial proceedings are relevant. The essential issue to be determined in the context of litigation is whether the alleged misconduct taints the lawsuit.

5

It concluded that disqualification was appropriate because all the factors weighed in favor of disqualification. The court found that (1) the offense was egregious because Mr. Lowry and C&J "advance[ed] arguments to serve their own interests at the direct expense of their client's interests," Aplt. App. at 224; (2) there was prejudice to Mr. Tracy because "his own counsel advance[d] arguments against his interests," *id*. at 225; (3) "there has been a significant diminution of the effectiveness of counsel" because "[the] case has ground to a halt due to the conflict of interest" and "adversarial briefing . . . will not be complete until Mr. Tracy obtains outside counsel," *id*. at 225-26; and (4) "[w]hile the case was filed some time ago, much of the elapsed time was spent waiting for the United States to determine whether it would intervene in this action" so "[t]he case is still in the earliest stage," *id*. at 226. We see no abuse of discretion in the court's initial decision to disqualify C&J.

Not so for the denial of the motion to reconsider. C&J responded to the disqualification order by removing its objection to the proposed judgment and expressing its intent to pay the judgment in full, thereby eliminating the source of the conflict with Mr. Tracy. Mr. Tracy also responded to the disqualification order and moved for reconsideration. He stated that (1) he did not believe there was a conflict between himself and C&J, but even if there was one, he waived the conflict; (2) there was no suggestion that C&J was conflicted on any issue other than the lis pendens issue, so after that was resolved there was no reason why C&J could not resume representing him for the remainder of the case; (3) C&J's continued representation would not prejudice any other party; (4) there was no ongoing conflict that would

6

cause his former attorneys to be less zealous in advocating for him; and

(5) disqualification would create a considerable hardship for him and would cause

him to be severely prejudiced. He requested "reinstatement of C&J because it would

be in his own best interests for C&J to continue to represent him in this matter."

Aplt. App. at 238

Denying the motion to reconsider, the district court said that the conflict

between Mr. Tracy and C&J was not waivable. Although acknowledging that

disqualification of counsel would be "disruptive," it determined that the hardship to

Mr. Tracy did not rise to the level of "'manifest injustice'" sufficient to justify

reconsideration of its disqualification order. *Id*. at 263 (quoting *Servants of*

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). The court acknowledged

C&J's withdrawal of its objection to the lis pendens judgment and its offer to pay the

judgment by itself, but it said that "[c]ounsel cannot expect to act in a manner

warranting disqualification in one aspect of a case and then return to the rest of the

case as if the conduct never occurred—the taint of such conduct cannot be artificially

confined to discrete issues in a case." *Id*. It concluded that C&J's actions were

"plainly insufficient to undo the taint on the underlying lawsuit." *Id*.

The court also denied Mr. Tracy's renewed request for reconsideration in his

status report, which stated that he had been unable to obtain an attorney within the

21 days allotted because the 23 attorneys and law firms he had spoken with had

declined for various reasons. The court's denial was "based on the reasoning in its

previous order." *Id.* at 279.

7

In our view the denial of the final request for reconsideration was an abuse of discretion. To begin with, the request included "new evidence previously unavailable"—Mr. Tracy's inability to obtain counsel—which justified reconsideration. *See Servants of Paraclete*, 204 F.3d at 1012.

Turning to the merits, the district court did not give adequate consideration to the prejudice suffered by Mr. Tracy and did not adequately explain how the participation of his attorneys for the remainder of the case would taint the litigation. As a general matter, a litigant has the "right to employ counsel of [his] choice." *Smith v. Whatcott*, 774 F.2d 1032, 1035 (10th Cir. 1985). And here the prejudice to Mr. Tracy is greatly magnified because he asserts that he has been unable to obtain any replacement counsel (an assertion not disputed by opposing counsel or the court below), which precludes him from pursuing his qui tam claim. It is hard to see how a party could be more severely prejudiced than by dismissal of his suit.

To justify such prejudice, the taint to the litigation must be significant. Typically, ethical violations that require disqualification involve "(1) a conflict of interest that prevents zealous advocacy or (2) the potential use of privileged or confidential information about one party that would give an unfair advantage to a present client." *Archuleta v. Turley,* 904 F.Supp.2d 1185, 1192 (D. Utah 2012). The second circumstance is certainly not present here. As for the first, the district court was properly concerned that Mr. Tracy's attorneys were not providing zealous representation when they sought to free themselves from any sanction for filing the improper lis pendens and placing the full sanctions burden on their client. But even

8

though the court properly considered that conduct to be egregious, it has not explained why there should now be concern about zealous representation by C&J. There is no longer any apparent conflict of interest regarding a matter under litigation and Mr. Tracy, himself an attorney, should be able to adequately assess the risk of a conflict. Perhaps there is a problem with the representation that was obvious to the district court but has escaped us. EID's brief does not assist us in this regard, arguing solely that the "District Court's refusal to reinstate [C&J], following its agreement to pay damages arising from the wrongful lien, was not an abuse of discretion because its prior conduct tainted the lawsuit." Aplee. Br. at 33. For now, therefore, we must reverse and remand for either a more complete explanation or the grant of the motion to reconsider.

III.

We affirm the district court's initial disqualification order, but we reverse its decision denying Mr. Tracy's motion to reconsider that order and the dismissal of the case, and we remand for further proceedings consistent with this opinion.

Entered for the Court

Harris L Hartz
Circuit Judge